UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

HARDILL BOWIE,

            Petitioner,

v.                                                   Case No. 07-CV-0432

MIKE THURMER,

            Respondent.

_____

## ORDER

This matter comes before the court pursuant to Hardill Bowie's ("Bowie") 28 U.S.C. § 2254 petition for a writ of habeas corpus. In his motion, Bowie asserts ineffective assistance of counsel for his attorney's failure to advise him about the entrapment defense. Bowie's claim arises from legal representation provided on his state conviction for delivery of cocaine. For the reasons set forth below, Burton's § 2254 petition will be denied.

### BACKGROUND

On May 31, 2005, Bowie pled no contest to five counts of delivering cocaine in the Circuit Court of Brown County, Wisconsin. On June 23, 2005, the court sentenced Bowie to terms of six years of initial confinement and six years of extended supervision, to run concurrently with each other and with terms of imprisonment on unrelated convictions. Following imposition of his sentence, Bowie filed a post-conviction motion alleging ineffective assistance of counsel, which the court denied. Bowie appealed and the Wisconsin Court of Appeals affirmed his conviction on November 7, 2006. On March 14, 2007, the Wisconsin Supreme

Court denied review. Bowie subsequently filed a petition for habeas corpus in this court on May 10, 2007, claiming ineffective assistance of counsel.

## ANALYSIS

Section § 2254 of the Antiterrorism and Effective Death Penalty Act permits federal courts to grant habeas relief for state prisoners under particular circumstances. *United States v. Wachowiak*, 496 F.3d 744, 750 (7th Cir. 2007). A federal court may grant habeas relief if the state court's decision was "contrary to, or involved an unreasonable application of, Supreme Court precedent" or if the decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." *Virsnieks v. Smith*, 521 F.3d 707, 713 (7th Cir. 2008). To obtain habeas relief under the "contrary to" clause, a petitioner must show that the state court reached an opposite decision from the Supreme Court on materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, the petitioner must show that the state court wrongly applied clear Supreme Court precedent by unreasonably extending a rule to a context where it was inappropriate or by unreasonably refusing to extend a rule to a context where it was appropriate. *Id.* In other words, the court will uphold an application of federal law as reasonable if it was one of several equally plausible outcomes. *Wachowiak*, 496 F.3d at 750 (citing *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)).

Bowie seeks habeas relief under § 2254 based on alleged ineffective assistance of counsel for his attorney's failure to inform him about the defense of entrapment. Specifically, Bowie alleges that his attorney never explored the

involvement of a confidential governmental informant, whose actions may also constitute entrapment under federal case law, and wrongly determined that the entrapment defense did not apply. The court evaluates claims for ineffective assistance of counsel under a two-prong analysis articulated in *Strickland v. Washington*. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). Under this analysis, a claimant must prove that: 1) his attorney's performance fell below an objective standard of reasonableness; and 2) his attorney's performance prejudiced him such that it is reasonably likely that without the attorney's errors, the proceeding would have resulted in a different outcome. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). In the context of a guilty plea, the prejudice prong may be explained as a reasonable probability that, but for counsel's errors, the petitioner would have gone to trial instead of pleading guilty. *Acevedo-Carmona v. Walter*, 170 F. Supp. 2d 820, 824 (N.D.Ill. 2001). A habeas petitioner bringing an ineffective assistance of counsel claim must show that the state court unreasonably applied *Strickland* in evaluating his claim. *Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007). The state court's application of *Strickland* must be more than erroneous, it must be "objectively unreasonable." *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003)).

Bowie argues that the Wisconsin Court of Appeals unreasonably applied the Supreme Court's ineffective assistance of counsel standard[1] in finding that his attorney provided effective assistance despite the attorney's failure to inform Bowie about the entrapment defense. However, this court cannot find that the Wisconsin Court of Appeals unreasonably applied the ineffective assistance of counsel standard. Instead, the court agrees that the performance of Bowie's counsel does not fulfill the prejudice prong of *Strickland* because the entrapment defense does not apply. In addition, Bowie was not prejudiced by his counsel's performance because it is not reasonably probable that Bowie would have gone to trial if informed about the entrapment defense.

The Wisconsin Court of Appeals addressed Bowie's claim for ineffective assistance of counsel on the merits, but found that his arguments failed because the entrapment defense did not apply to his case. The court based its conclusion on Bowie's ready access to a cocaine supply, his willingness to pursue future drug sales, and the absence of inducement by the undercover officer. The opinion states in relevant part:

> Bowie's arguments relating to a potential entrapment defense fail because that defense would not apply to the

---

[1] Bowie literally argues in his brief that the court unreasonably applies *Hill v. Lockhart*, 474 U.S. 52 (1985), and *Jacobson v. United States*, 503 U.S. 540 (1992). (Petitioner's Brief in Support of Petition for Writ of Habeas Corpus, p. 24) ("the Wisconsin Court Appeals [sic] Decision was contrary to the standards held in Hill v. Lockhart and Jacobson v. United States." (internal citations omitted)). However, the first case cite implicates an argument for unreasonable application of *Strickland* because *Hill* applies the *Strickland* test for evaluating ineffective assistance of counsel claims in habeas corpus petitions regarding the entry of a guilty plea. See 474 U.S. at 52. *Jacobson,* on the other hand, does not implicate any argument for an unreasonable application of Supreme Court standards for ineffective assistance of counsel because it is not a habeas case and does not involve an ineffective assistance of counsel claim, but rather, addresses the entrapment standard. 503 U.S. at 540-41.

> facts of this case. The facts recited in the complaint and the audiotape and videotape of the drug sales reviewed by Bowie's trial counsel show that the police did not use excessive incitement, urging, persuasion or temptation, and that Bowie was predisposed to commit the crime. *See State v. Hilleshiem*, 172 Wis. 2d 1,9, 492 N.W.2d 381 (Ct. App. 1992). With little urging, Bowie was able to supply substantial amounts of cocaine over a relatively short time. He negotiated prices knowledgeably and invited the undercover officer to call him again. On these facts, Bowie's trial counsel correctly concluded that entrapment would not be an available defense in this case. Therefore, counsel's failure to discuss that defense with Bowie did not constitute either deficient performance or prejudice to the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

(Answer to Petition for Habeas Corpus, Ex. D, pp. 2-3). In addition, Bowie's trial attorney testified at a *Machner* hearing that he had considered the entrapment defense, but determined that it was not a viable defense given the lack of inducement depicted in the videotaped drug sales. (Ex. H, p. 6). As a result, the Wisconsin Court of Appeals did not find ineffective assistance of counsel. *Id*.

Bowie argues that the Wisconsin Court of Appeals wrongly concluded that the defense of entrapment did not apply to his case. As an extension, the court also wrongly concluded that Bowie did not receive ineffective assistance of counsel when his attorney failed to inform Bowie about the defense. To support his argument, Bowie asserts that his case meets both the "government inducement" and "lack of predisposition" elements for a valid defense of entrapment. He alleges that a confidential informant is a government agent for purposes of entrapment, and that the government's informant pressured Bowie into selling drugs to an undercover

detective in order to pay off car repairs the informant performed on Bowie's vehicle. He further asserts that the government cannot show a predisposition towards selling drugs because the undercover officer initiated all of the contact regarding sales, and because all of Bowie's profit went towards paying the confidential informant for car repairs.

A valid entrapment defense requires two elements: government inducement of a crime; and a lack of predisposition by the defendant to engage in the criminal conduct. *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993) (citing *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Sababu*, 891 F.2d 1308, 1332 (7th Cir. 1989)). For purposes of inducement of a crime constituting entrapment, a confidential informant is an agent of the government. *Id.* at 759; *Sherman v. United States*, 356 U.S. 369, 376 (1958). The line between an inducement to commit a crime and simply providing an opportunity to commit a crime is unclear. *Groll*, 992 F.2d at 759. However, the line falls somewhere between government targeting of a defendant for 26 months with repeated mailings and communications, and three phone calls urging a defendant to buy cocaine after an initial refusal. *Id.*

Bowie does not demonstrate that entrapment applies to the facts of his case. Thus, Bowie fails to show that the Wisconsin Court of Appeals misapplied the *Strickland* standard in concluding that his attorney provided effective assistance when he failed to inform Bowie about an inapplicable defense. Instead, the Wisconsin Court of Appeals reasonably applied federal law to conclude that Bowie

did not possess a viable entrapment defense and, thereby, his attorney neither fell below an objective standard of reasonableness nor prejudiced the ultimate outcome of his case.

Bowie correctly asserts that a confidential informant is a government agent for purposes of entrapment; however, he fails to show entrapment by a confidential informant in his case. *Sherman*, 356 U.S. at 376. Bowie provides no evidence of inducement by a confidential informant other than his own self-serving affidavit. In *United States v. Groll*, the Seventh Circuit found entrapment by a confidential informant sufficient for withdrawal of the plaintiff's guilty plea. 992 F.2d at 760-61. However, *Groll* included "unrebutted evidence" of persistent inducements by a confidential informant as part of the record before the district court. 992 F.2d at 759. No such "unrebutted evidence" of confidential informant inducement exists in the instant case. Bowie admits that the confidential informant he references, "Dave," does not appear in any police reports or in the criminal complaint. (Bowie Brief in Support of Petition for Writ of Habeas Corpus, p. 12). In addition, Bowie never raised the issue of entrapment by a confidential informant at the Wisconsin Court of Appeals. (Answer to Petition for Habeas Corpus, Ex. C). Indeed, Bowie made no mention of "Dave" prior to his habeas petition. *Id.* As a result, Bowie fails to show that the Wisconsin Court of Appeals wrongly concluded that the entrapment defense does not apply to his case.

The Wisconsin Court of Appeals did not misapply the *Strickland* standard in finding that Bowie received effective assistance of counsel. The Court of Appeals

-7-

Case 2:07-cv-00432-JPS   Filed 09/08/08   Page 7 of 9   Document 20

correctly concluded that the defense of entrapment did not apply to Bowie's case based on the audio and video recordings of his drug sales, based on his ready access to cocaine for drug sales, and based on his willingness to engage in future drug sales. Since the entrapment defense did not apply, the failure of Bowie's attorney to inform him about the defense did not constitute ineffective assistance of counsel.

In addition to the inapplicability of the entrapment defense, it is not reasonably probable that Bowie would have gone to trial if informed about the defense. As the State points out, Bowie's plea bargain included a state recommendation that his sentences run concurrent with the twenty-year sentence he was already serving on an attempted homicide conviction. (Ex. H, pp. 8, 11). The court followed this state recommendation and imposed six year sentences for each of Bowie's five felony drug sales, which were run concurrently with one another and with the attempted homicide sentence. (Ex. A; Ex. G, p. 5). Therefore, Bowie's no contest plea to these charges resulted in *no additional* confinement. Thus, the benefit of taking the case to trial was small and far from guaranteed. Even if Bowie had taken his case to trial and received a jury verdict of "not guilty," he would not serve less time in confinement than he currently faces. Instead, if Bowie chose to take his case to trial, he would have faced a substantial chance of conviction and eventual sentencing. However, unlike under his plea bargain, Bowie would not receive the State's recommendation for concurrent sentences after a jury conviction. Therefore, it was possible for Bowie to receive *more* confinement time by going to trial. As a result,

it is not reasonably probable that Bowie would have proceeded to trial if his attorney had informed him about the entrapment defense.

Accordingly,

**IT IS ORDERED** that Bowie's petition under 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Bowie's first motion for an extension of time (Docket #11) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that Bowie's second motion for an extension of time (Docket #14) be and the same is hereby **DENIED** as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge